IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:05MJ103-C |
| | ) | |
| DARNEZ HERRING | ) | |

**ORDER**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on September 2, 2005. For the following facts and reasons, the court concludes that the defendant should be detained pending trial in this case.

The court finds there is probable cause to believe that the defendant has committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841(a)(1). The defendant has not rebutted the presumption established by this finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. As explained below there is a serious risk that the defendant will endanger the safety of another person or the community.

The weight of the evidence against the defendant is strong because the distribution as charged in the complaint occurred during a monitored purchase conducted by an informant. I find that the credible testimony and information including the Pretrial Services Report submitted at the hearing establishes by clear and convincing that at the time of the crime charged in the complaint, the defendant was on bond for a state charge involving both possession and distribution of controlled substance. In addition, there is a

Georgia probation violation warrant pending against the defendant.

Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably protect other persons or the community and that the defendant should be detained. In reaching this conclusion, the court has carefully considered as required by 18 U.S.C. § 3142(g) the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant as set forth in the Pretrial Services Report as well as the evidence adduced at the hearing and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Done this 2nd day of September, 2005.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

.